E-FILED
Thursday, 06 March, 2014 04:00:22 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| **MICHAEL THOMAS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No.: 12-1302-JBM-JAG |
| | ) |
| | ) |
| **DANIEL E. HAHN,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## OPINION

**JOE BILLY MCDADE, U.S. District Judge:**

This cause is before the Court on Defendants Salvador Godinez, Gerardo Acevedo, Daniel Hahn, Terri Anderson, and Gina Allen's Motion for Summary Judgment. As explained more fully *infra*, Defendants' motion for summary judgment is granted. Plaintiff Michael Thomas has failed to offer any evidence that Hahn or Acevedo retaliated against him for exercising a constitutionally protected right. Moreover, Thomas has failed to show that Godinez, Anderson, and Allen had the personal involvement necessary to be liable under 42 U.S.C. § 1983. Accordingly, Defendants are entitled to the summary judgment that they seek.

## I.
## MATERIAL FACTS

Plaintiff Michael Thomas is an inmate within the Illinois Department of Corrections ("IDOC") and, at all relevant times, was housed at the Hill Correctional Center ("Hill"). Defendant Daniel Hahn, at all relevant times, was an internal affairs officer at Hill. Defendant Gerardo Acevedo was the Warden at Hill. Defendant Salvador Godinez was the head of the

1

IDOC. Defendant Terri Anderson was an IDOC employee located in Springfield, Illinois. And, Defendant Gina Anderson was a member of the Administrative Review Board in Springfield.

Thomas alleges that, after he arrived at Hill in 2008 and until he was transferred to Stateville Correctional Center in 2011, Hahn, on his own and at the direction of Acevedo, retaliated against him because he had previously filed lawsuits against Acevedo and others within the IDOC. Thomas claims that Hahn retaliated against him in violation of his First Amendment rights by requiring Thomas to change cells every thirty days so that Hahn could not get comfortable at Hill, by verbally harassing him, and by issuing false disciplinary tickets against him.

After conducting a merit review of his Complaint required by 28 U.S.C. § 1915A, the Court determined that Thomas had stated a claim against Defendants for violating his First Amendment rights. For damages, Thomas requested compensation for pain and suffering, for time that he lost in segregation for the false disciplinary tickets issued to him by Hahn, and for punitive damages. Defendants have now moved for summary judgment. Other facts will be included as necessary in the discussion below.

## II.
## LEGAL STANDARDS GOVERNING SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see Ruiz-Rivera v. Moyer,* 70 F.3d 498, 500-01 (7th Cir. 1995). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24 (1986). Once the moving party has met its

burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Gracia v. Volvo Europa Truck, N.V.,* 112 F.3d 291, 294 (7th Cir. 1997). "[A] party moving for summary judgment can prevail just by showing that the other party has no evidence on an issue on which that party has the burden of proof." *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1183 (7th Cir. 1993).

Accordingly, the non-movant cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue; he "'must do more than simply show that there is some metaphysical doubt as to the material fact.'" *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256-57 (1986)(quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)); *Hot Wax, Inc. v. Turtle Wax, Inc.,* 191 F.3d 813, 818 (7th Cir. 1999). Finally, a scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson,* 477 U.S. at 250.

### III.
### DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT

    A.    **Hahn is entitled to summary judgment.**

        1.    **Thomas failed to offer any evidence that Hahn's alleged retaliation against him was motivated by Thomas' constitutionally protected activities.**

"An act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter,* 224 F.3d 607, 618 (7th Cir. 2000). "Otherwise permissible actions by prison officials can become impermissible if done for retaliatory reasons." *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir 2000). In order to state a claim for retaliation

for exercising one's First Amendment right, a plaintiff must demonstrate that: "(1) his speech was constitutionally protected; (2) he has suffered a deprivation likely to deter free speech; and (3) his speech was at least a motivating factor" behind the retaliatory actions. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006).

"A 'motivating factor' in this context 'is a factor that weighs in [on] the defendant's decision to take the action complained of-in other words, it is a consideration present to his mind that favors, that pushes him toward action." *Dace v. Smith-Vasquez*, 658 F. Supp. 2d 865, 881 (S.D. Ill. 2009)(quoting *Hasan v. United States Dept. of Labor*, 400 F.3d 1001, 1006 (7th Cir. 2005)). A plaintiff may demonstrate that his speech was a motivating factor behind the defendant's retaliatory actions by presenting direct or circumstantial evidence. *Kidwell v. Eisenhauer*, 679 F.3d 957, 965 (7th Cir. 2012). "Direct evidence is evidence which, if believed by the trier of fact, will prove the particular fact in question without reliance upon inference or presumption." *Rudin v. Lincoln Land Cmty. College*, 420 F.3d 712, 720 (7th Cir. 2005)(internal quotation omitted). Direct evidence is rare and is something along the lines of a direct admission. *Naficy v. Illinois Dept. of Human Servs.*, 697 F.3d 504, 512 (7th Cir. 2012); *Benders v. Bellows & Bellows*, 515 F.3d 757, 764 (7th Cir. 2008).

On the other hand, "[c]ircumstantial evidence . . . is evidence from which a trier of fact may infer that retaliation occurred." *Kidwell*, 679 F.3d at 966. "Circumstantial evidence may include suspicious timing, ambiguous oral or written statements, or behavior towards or comments directed at other[s] . . . ." *Long v. Teachers' Retirement Sys. of Illinois*, 585 F.3d 344, 350 (7th Cir. 2009). Regardless of whether the plaintiff offers direct or circumstantial evidence, "[t]o demonstrate the requisite causal connection in a retaliation claim, [a] plaintiff[] must show that the protected activity and the adverse action are not wholly unrelated." *Sauzek v. Exxon Coal*

*USA, Inc.*, 202 F.3d 913, 918 (7th Cir. 2000). "If he can show that retaliatory animus was a factor, then the burden shifts to the defendants to prove that the same actions would have occurred in the absence of the protected conduct." *Soto v. Bertrand*, 2009 WL 1220753, * 1 (7th Cir. 2009).

In the instant case, Thomas has not presented any direct or circumstantial evidence that Hahn retaliated against him because he filed lawsuits or grievances. Thomas argues that the issuance of the disciplinary tickets against him themselves constitutes evidence of retaliation. Moreover, Thomas claims that the timing of the verbal harassment and the timing and frequency of his cell movements constitute evidence of retaliation. Finally, Thomas asserts that there could be no other reason for Hahn's harassment other than as retaliation for his exercising his First Amendment rights.

Thomas is wrong on all of his arguments. The disciplinary tickets issued to Thomas do not contain an admission, nor do they constitute direct evidence that Hahn retaliated against Thomas in violation of his First Amendment rights. *Naficy*, 697 F.3d at 512; *Benders*, 515 F.3d at 764. Thomas may deny that he engaged in the conduct that formed the basis for Hahn issuing the disciplinary ticket to him, but the factual recitation in the disciplinary tickets themselves do not constitute direct evidence of retaliation, and it is not enough for Thomas to say that the question is for the jury to decide. *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008)("As we have said before, summary judgment is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events."). Thomas must present some evidence with which to demonstrate a genuine issue of material fact that unlawful retaliation was a motivating factor in Hahn's actions, and the disciplinary tickets themselves do not constitute direct evidence that will prove that Thomas'

grievances or lawsuits were a motivating factor "without reliance upon inference or presumption." *Rudin*, 420 F.3d at 720.

Likewise, the timing of the harassment and issuance of the disciplinary tickets are insufficient to preclude summary judgment in Hahn's favor. Suspicious timing alone does not support a reasonable inference of retaliation. *Dace*, 658 F. Supp. 2d at 881. "[I]nstead, plaintiffs must produce evidence that somehow ties the adverse [action] to the plaintiff's protected actions. The fact that one event preceded another does nothing to prove the first event caused the second." *Id*. (internal citation omitted); *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 851 (7th Cir. 2008)("mere temporal proximity is not enough to establish a genuine issue of material fact.")(internal quotation omitted).

In order for an inference of causation to be drawn solely on the basis of suspicious timing, the Seventh Circuit typically "allow[s] no more than a few days to elapse between the protected activity and the adverse action." *Kidwell*, 679 F.3d at 966 (citing cases). Here, Thomas makes no attempt to tie the filing of his lawsuits to the issuance of the disciplinary tickets. Indeed, Thomas specifically denies that the assault upon him by another inmate that led to the issuance of the tickets had anything to do with his filing any lawsuits. As for the harassment, Thomas merely claims that it was continuous without ever proffering evidence to tie it to the filing of the lawsuits. Therefore, the timing of events is insufficient to constitute evidence with which to raise a genuine issue of material fact regarding causation. *Loudermilk v. Best Pallet Co.*, 636 F.3d 312, 315 (7th Cir. 2011).

Furthermore, Thomas relies upon pure speculation in support of his First Amendment claim. Specifically, Thomas contends that Hahn's retaliatory motivation is established because that is "the only reason" that could exist for Hahn issuing the disciplinary tickets and verbal

harassment. However, "mere speculation is not sufficient to stave off summary judgment." *Soto*, 2009 WL 1220753, * 2 (citing *Rockwell Automation, Inc. v. National Union Fire Ins. Co. of Pittsburgh, PA*, 544 F.3d 752, 757 (7th Cir. 2008)). Thomas must do more than assert that retaliation occurred and assert that the jury must decide the issue. He must, instead, produce some evidence that his protected activities were a motivating factor in Hahn's decision to issue disciplinary tickets and to verbally harass him. Thomas has failed to offer any such evidence.

Finally, verbal harassment alone does not amount to actionable conduct. In order to be actionable, the alleged retaliation must be the sort that would deter a person of ordinary firmness from exercising his constitutional rights. *Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009); *Bart v. Telford*, 677 F.3d 622, 625 (7th Cir. 1982). As the Seventh Circuit has explained, "[i]t would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise." *Id.*; *Antoine v. Uchtman,* 2008 WL 1875948, at * 1–2 (7th Cir. Apr. 29, 2008) (threats and racist statements did not constitute retaliation when guards took no concrete action to dissuade the inmate from filing grievances and the record was clear that the inmate continued to file grievances despite the threats). In fact, mere threats, without something more, are not actionable. *DeWalt v. Carter,* 224 F.3d 607, 612 (7th Cir. 2000). "[T]he Constitution does not compel guards to address prisoners in a civil tone using polite language." *Antoine,* 2008 WL 1875948, at * 2. Thomas does not set forth evidence demonstrating that Hahn's harassment was such that a person of ordinary firmness could not endure or that would deter a person of ordinary firmness from exercising his constitutional rights.

Nor does Thomas' constant change in cells constitute the something else necessary to give rise to a constitutional violation. As the Third Circuit has explained, "inmates have no

constitutional right to be housed in a cell of their choosing." *Toussaint v. Good*, 2008 WL 1923066, * 2 (3d Cir. May 1, 2008)(citing *Sheehan v. Beyer*, 51 F.3d 1170, 1174 (3d Cir. 1995)). Accordingly, Hahn is entitled to summary judgment.

### 2. Thomas' claim against Hahn is barred by United States Supreme Court precedent.

Even had Thomas proffered evidence with which to create a genuine issue of material fact as to whether his exercising his First Amendment rights was a motivating factor in Hahn's retaliation against him, Hahn would, nevertheless, be entitled to summary judgment because Thomas' claim is barred by United States Supreme Court precedents. In *Heck v. Humphrey*, 512 U.S. at 477 (1994), the Supreme Court held that a § 1983 claim for damages that "would necessarily imply the invalidity of [a plaintiff's] conviction or sentence" is not a cognizable claim. *Id*. at 487. Similarly, in *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court held that claims that "necessarily imply the invalidity of the deprivation of [an inmate's] good time credits" are not cognizable under § 1983 unless the prison disciplinary decision has been invalidated. *Edwards*, 520 U.S. at 646-48.

Here, Thomas admitted during his deposition that the disciplinary committee's finding on the disciplinary tickets issued by Hahn has not been overturned. As a result, Thomas cannot challenge or ask as part of his damages that his loss of good time credits be restored or that he be compensated for being placed in segregation. Accordingly, Hahn is entitled to summary judgment based upon the Supreme Court's holding in *Heck*.

### B. Acevedo, Godinez, Allen, and Anderson lacked the personal involvement necessary to be liable to Thomas under 42 U.S.C. § 1983.

Defendants Acevedo, Godinez, Allen, and Anderson are also entitled to summary judgment because they lack the personal involvement necessary to be held liable under 42 U.S.C.

8

§ 1983.  "[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'" *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010)(quoting *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)).  Indeed, the United States Court of Appeals for the Seventh Circuit has explained that the doctrine of *respondeat superior* (a doctrine whereby a supervisor may be held liable for an employee's actions) has no application to § 1983 actions. *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010).  Instead, in order for a supervisor to be held liable under § 1983 for the actions of his subordinates, the supervisor must "approve[] of the conduct and the basis for it." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)("An official satisfies the personal responsibility requirement of section 1983 . . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent.")(internal quotation omitted).  "[S]upervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.  They must in other words act either knowingly or with deliberate, reckless indifference." *Backes v. Village of Peoria Heights, Illinois*, 662 F.3d 866, 870 (7th Cir. 2011) (quoting *Chavez*, 251 F.3d at 651)).  "In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery." *Gentry*, 65 F.3d at 561.

Here, even if there could be liability based upon the doctrine of *respondeat superior*, Defendants Acevedo, Godinez, Allen, and Anderson could not be held derivatively liable because, as discussed *supra*, Hahn is not liable for violating Thomas' First Amendment rights.  In any event, Thomas has failed to offer any proof that these Defendants were personally involved in depriving Thomas of his constitutional rights.  As for Acevedo, Anderson, and Allen, Thomas acknowledged that they had no involvement other than, perhaps, receiving and

reviewing his letters to them in which he complained of Hahn's harassment, but that is not enough to subject them to liability, especially where Thomas has failed to tender the letters or grievances that he sent to them as part of the summary judgment record so that the Court can determine if these Defendants' notice was sufficient to impose personal liability upon them.

Although Thomas testified that he complained to Acevedo directly of Hahn's harassment and that Acevedo joined in Hahn's retaliation, Thomas conceded that he possesses no proof of Acevedo's involvement. All that Thomas possesses is speculation, and that is insufficient to survive Defendants' motion for summary judgment.

**IT IS, THEREFORE, ORDERED:**

**1) Defendants' Motion for Summary Judgment is GRANTED [25]. The Clerk of the Court is directed to enter judgment in Defendants' favor and against Plaintiff. All pending motions are denied as moot, and this case is terminated, with the Parties to bear their own costs. All deadlines and settings on the Court's calendar are vacated.**

**2) If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4).**

**3) If Plaintiff wishes to proceed *in forma pauperis* on appeal, his motion for leave to appeal *in forma pauperis* must identify the issues that he will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If**

**Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

ENTERED this 6th day of March 2014.

                                                              /s Joe Billy McDade  
                                                               JOE BILLY MCDADE  
                                         UNITED STATES DISTRICT JUDGE